EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA v. BETTY LACHMAN

No. 8010SC556

(Filed 2 June 1981)

**State § 12— dismissal of State employee—jurisdiction of State Personnel Commission**

The State Personnel Commission had no jurisdiction to consider an appeal from the dismissal of respondent as a State employee and to order the reinstatement of respondent to her former employment where the evidence failed to show that respondent had been employed by the State for the five years immediately preceding her dismissal but showed that respondent had been so employed for less than three years. G.S. 126-5(d); G.S. 126-39.

APPEAL by petitioner from *Braswell, Judge.* Judgment entered 18 February 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 7 January 1981.

This is an appeal by the Employment Security Commission from a judgment of the Superior Court of Wake County affirming an order of the State Personnel Commission which required the Employment Security Commission to reinstate Betty Lachman to a position from which she had been dismissed on 24 February 1978. Respondent appealed to the State Personnel Commission from what she contended was her wrongful discharge from state employment. At the hearing before the hearing officer, respondent testified: "I was last employed with the Employment Security Commission of North Carolina and I worked there from March 1975 until the 23rd day of February, 1978." There was no evidence as to her employment prior to March 1975. Both respondent and the Employment Security Commission offered evidence as to respondent's leaving her employment. The hearing officer found facts and concluded that she had been wrongfully discharged. He recommended that she be restored to her employment. The hearing officer's findings of fact and conclusions were adopted by the State Personnel Commission which ordered respondent reinstated to the same level from which she had been dismissed. The superior court affirmed the order of the State Personnel Commission.

The Employment Security Commission appealed.

*Howard G. Doyle, Chief Counsel, and Garland D. Crenshaw, for petitioner appellant.*

*Sloan, Hassell, and Broadwell, by Robert A. Hassell, for respondent appellee.*

MORRIS, Chief Judge.

This proceeding is brought under Chapter 126 of the General Statutes under which the State Personnel System was established. G.S. 126-5(d) provides:

> Except as to the policies, rules and plans established by the Commission pursuant to G.S. 126-4(1), 126-4(2), 126-4(3), 126-4 (4), 126-4(5), 126-4(6), 126-7, and except as to the provisions of Articles 6 and 7 of this Chapter, the provisions of this Chapter shall not apply to:
>
> > (1) An employee of the State of North Carolina who has not been continuously employed by the State of North Carolina for the immediate five preceding years.

None of the exceptions mentioned in this section applies to the case sub judice. G.S. 126-39 provides:

> For the purposes of this Article, except for positions subject to competitive service and except for appeals brought under G.S. 126-16 and 126-25, the terms "permanent State employee," "permanent employee," "State employee" or "former State employee" as used in this Article shall mean a person who has been continuously employed by the State of North Carolina for five years at the time of the act, grievance, or employment practice complained of.

It appears from these two sections that in order for respondent to avail herself of G.S. 126-36 and G.S. 126-37 governing appeals to the State Personnel Commission and reinstatement to former employment by the State Personnel Commission, respondent has to have been employed by the state for the five years immediately preceding 24 February 1978.

The evidence shows that respondent was employed for less than three years. This is a failure of proof necessary to give the State Personnel Commission jurisdiction. *See* 2 Am. Jur. 2d, *Administrative Law* § 328 at 150 for the statutory requirement for

jurisdiction of administrative agencies. It may well be that respondent was employed by some other agency of the state prior to her employment by petitioner. If so, the record is silent. Nor is there any indication that the procedures provided by G.S. 126-5(f) were followed, or that there was any dispute with respect to whether the provisions of the chapter were applicable. Upon the information in the record before us, it was error for the State Personnel Commission to hear respondent's appeal.

We reverse and remand to the superior court with a direction that it order the State Personnel Commission to dismiss respondent's appeal.

Reversed and remanded.

Judges MARTIN (Harry C.) and WHICHARD concur.